IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| ROBERT K. ELLIS[1], ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:10-0191 |
| ) | |
| DAVID BERKEBILE, Warden, ) | |
| FCI Beckley, *et al.*, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 26, 2010, Petitioner filed an Application to Proceed *in forma pauperis* (Document No. 1.) and a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 2.).[2] Petitioner states in his Petition that "[t]his is a matter concerning the unlawful execution of a sentence for a 18 U.S.C. § 924(c)(1)(A) imposed by the United States District Court for the Eastern District of Kentucky." Petitioner contends that there was insufficient evidence to support his Section 924(c)(1)(A) conviction.(Document No. 2, p. 6.) Petition asserts that "[t]here is no evidence to support Plaintiff carried, possessed or used a firearm during and in relation to Counts 2 and 3. * * * The firearm [which Petitioner had in a cast on his arm at the time of his arrest] was not shown, displayed, used, or carried during and in relation to any drug trafficking crime. [Petitioner] was the only person in this case. No separate bags of drugs, no buyers, no transactions,

---

[1] The Bureau of Prisons' Inmate Locator indicates that Petitioner's projected date of release from custody is December 20, 2013.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594,

merely a user. The firearm did not facilitate, or have any potential of facilitating a drug trafficking crime. The firearm was only coincidental at the time of arrest. The arrest was the result of an arrest warrant, not for a drug transaction going down or a drug crime being committed at the time of arrest." (Id.) Petitioner acknowledges that "there were a few supplies associated with possible manufacture [of methamphetamine] found in the search" but argues that these circumstances were insufficient to prove that he was committing a drug trafficking crime as he was arrested and found in possession of the firearm. (Id., p. 7.)[3]

## PROCEDURAL BACKGROUND

On April 24, 2003, an Indictment was returned in the Eastern District of Kentucky charging Petitioner with possessing a firearm having been convicted of a felony, manufacturing methamphetamine, and possessing a firearm during and in relation to a drug trafficking offense. On November 7, 2003, a Superseding Indictment was returned charging Petitioner in addition to the charges contained in the Indictment with possessing methamphetamine with the intent to distribute it and possessing precursor materials used to manufacture methamphetamine . Petitioner moved to suppress evidence obtained in a search of his residence and vehicle and a statement which he gave to law enforcement officers. The District Court denied Petitioner's motions. The matter went to trial, and a jury found Petitioner guilty of all charges. The District Court sentenced Petitioner to 51

---

[3] The Sixth Circuit Court of Appeals summarized the factual and procedural history in its decision upon Petitioner's direct appeal of his conviction and sentence. *United States v. Ellis*, 125 Fed.Appx.691, 2005 WL 647782 (C.A.6(Ky.)). A further summary of the factual and procedural background is contained in the Report and Recommendation of the United States Magistrate Judge which is included with the District Court's Opinion and Order denying Petitioner's request for relief under 28 U.S.C. § 2255. *United States v. Ellis*, 2006 WL 3412280 (E.D.Ky.) The undersigned notes from these summaries that several other firearms in addition to the firearm found in the cast on Petitioner's arm were also found in the trailer where Petitioner was arrested.

months in prison upon the felon in possession and drug charges to run concurrently and 60 months in prison upon his Section 924(c)(1)(A) conviction to run consecutively.[4] Thus, Petitioner was sentenced to 111 months in prison. Petitioner appealed his sentence and conviction challenging the District Court's rulings upon his pretrial motions, and the Sixth Circuit affirmed the District Court's rulings. United States v. Ellis, 125 Fed.Appx.691, 2005 WL 647782 (C.A.6(Ky.)). Petitioner filed a Section 2255 Motion in the Eastern District of Kentucky on September 9, 2005, and the Eastern District Court denied his Motion by Opinion and Order on November 27, 2006. United States v. Ellis, 2006 WL 3412280 (E.D.Ky.).

## DISCUSSION

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred

---

[4] It appears that the District Court sentenced Petitioner to the minimum sentence authorized under 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A) provides that

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –
> (i) be sentenced to a term of imprisonment of not less than 5 years[.]

3

procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001)(Chief Judge Haden). 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, an application under Section 2241 "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The focus of Section 2241 is upon a prisoner's custodial status, not upon the validity of his conviction as is the focus of Section 2255. The remedy under Section 2241 is therefore not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."

Petitioner is essentially claiming that his Section 924(c)(1)(A) conviction and sentence of sixty months in prison in the Eastern District of Kentucky are invalid, an issue properly for direct appeal and Section 2255 proceedings and not properly raised under Section 2241. The validity of Petitioner's conviction and sentence in the Eastern District of Kentucky is a matter for the United States District Court there pursuant to 28 U.S.C. § 2255(a)("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . *may move the*

*court which imposed the sentence* to vacate, set aside or correct the sentence."(Emphasis added.)). Construing Petitioner's Petition as a Section 2255 Motion, it is clear that it is successive as Petitioner filed a Section 2255 Motion in the Eastern District of Kentucky on September 9, 2005, and the Eastern District Court denied his Motion by Opinion and Order on November 27, 2006. United States v. Ellis, 2006 WL 3412280 (E.D.Ky.) Petitioner must seek and obtain the authorization of the Sixth Circuit Court of Appeals to proceed with a successive Section 2255 Motion. 28 U.S.C. § 2244(b)(3)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). There is no indication that Petitioner has done so. Petitioner is therefore procedurally barred from proceeding under Section 2255. Though relief under Section 2255 is not available to Petitioner, this alone does not render Section 2255 inadequate or ineffective such that Petitioner's claims may be considered under Section 2241. No other reason appears for considering Section 2255 inadequate or ineffective. It plainly appears that Petitioner is not entitled to relief under Section 2255 in this District Court or the Eastern District of Kentucky. Summary dismissal is appropriate under these circumstances.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and accordingly **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed *in forma pauperis* (Document No. 1.), **DISMISS** Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Document No. 2.) and remove this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and

a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner who is acting *pro se*.

Date: May 19, 2010.

_R. Clarke VanDervort_
R. Clarke VanDervort
United States Magistrate Judge