IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ROBERT K. ELLIS,

            Petitioner,

v.                                        CIVIL ACTION NO. 5:10-cv-00191

DAVID BERKEBILE, and
UNITED STATES OF AMERICA,

            Respondents.

**MEMORANDUM OPINION AND ORDER
ADOPTING PROPOSED FINDINGS AND RECOMMENDATION**

The Petitioner, Robert K. Ellis ("Petitioner"), proceeding *pro se* brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner requests this Court to grant him relief "from the unlawful sentence of [possession of a firearm during and relation to a drug trafficking crime] . . . [in violation of] 18 U.S.C. § 924(c)(1)(A)" and to release him immediately. Writ of Habeas Corpus Under 28 U.S.C. Section 2241 ("Section 2241 Petition") (Document No. 2) at 7.

By Standing Order entered on February 26, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3). The assigned Magistrate Judge has submitted his *Proposed Findings and Recommendation* ("PF&R") (Document No. 8), wherein he recommends that the Court find that the

---

[1] Since Petitioner is proceeding *pro se* his Petition will "be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Section 2241 Petition should be recharacterized as an unauthorized successive Section 2255 motion for habeas relief. He further recommends that the case should be dismissed and removed from the Court's docket. Petitioner timely filed objections to the PF&R (Document No. 10).

On this day, the above-styled matter came before the Court for consideration of the Magistrate Judge's PF&R and Petitioner's Objections to the same. For the reasons that follow, the Court overrules Petitioner's asserted objections and adopts the PF&R.

I.

Petitioner Robert Keith Ellis, an inmate at the Federal Correctional Institution-Beckley ("FCI-Beckley"), is currently serving one hundred eleven (111) months of imprisonment following his conviction of charges contained in a five-count superseding indictment. On December 12, 2003, a jury in the United States District Court for the Eastern District of Kentucky found Petitioner guilty of possession of a firearm by a person convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (count one); manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (count two); possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (count three); possession of precursor materials used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6) (count four), and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).[2] Petitioner timely filed a direct appeal challenging the district court's rulings on his pretrial motions.[3] The United States Court of Appeals

---

[2] On December 11, 2003, Defendant made a motion for judgment of acquittal on count five. The motion was denied.

[3] Petitioner argued on appeal that the arresting officers: (1) did not have probable cause to enter the residence where he was staying, (2) violated 18 U.S.C. § 3109 by allegedly not announcing their presence and the purpose of their visit, and (3) gave him a defective *Miranda* warning. *United States v. Ellis*, 125 F.App'x 691 (6th Cir. 2005).

for the Sixth Circuit affirmed the sentencing court's pre-trial rulings in an unpublished opinion entered March 22, 2005. *United States v. Ellis*, 125 F.App'x 691 (6th Cir. 2005).

On September 9, 2005, Petitioner filed his first motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner alleged, among other things, that his trial counsel was ineffective because he did not challenge the sufficiency of the evidence supporting his conviction in count five for a violation of 18 U.S.C. § 924(c). *United States v. Ellis*, No.6:05CV495, 2006 WL 3412280, at *3 (E.D. Ky Nov. 27, 2006). The sentencing court rejected this argument finding that at the time Petitioner was apprehended he was carrying a firearm hidden in the cast of his arm, and officers found supplies for making methamphetamine in both his residence and vehicle. *Id.* at 9. The court reasoned that this evidence "satisfie[d] the element that the firearm be carried 'during and in relation to' a drug trafficking crime[]" and that there "was no factual basis for [challenging the sufficiency of the evidence regarding the 18 U.S.C. § 924(c) conviction.]" *Id.*[4] The court concluded that Petitioner's trial counsel did not omit an issue that was clearly stronger than the issues actually raised in light of the record. *Id.* Thereafter, Petitioner appealed the sentencing court's denial of his Section 2255 motion. On October 3, 2007, the Sixth Circuit denied his application for a certificate of appealability. His subsequent writ of certiorari was denied on February 19, 2008. *Ellis v. United States*, 552 U.S. 1205 (2008).

Petitioner now seeks relief pursuant to 28 U.S.C. § 2241 in this case which he describes as "a matter concerning the unlawful execution of a sentence for a 18 U.S.C. § 924(c)(1)(A)" conviction. Section 2241 Petition at 1. Petitioner argues that there is insufficient evidence to

---

[4] The sentencing court also included in the adopted findings of fact that at the time Petitioner was apprehended he "dropped a packet of methamphetamine and a .380 caliber gun." *Id.* at 2. Upon conducting a pat down search of Petitioner the officers found a .22-caliber gun hidden in the cast of his arm. *Id.*

3

support his conviction of count five, because (1) the exact dates for the crimes that were charged in counts two and three–and referred to in count five of the superseding indictment–were unknown[5] and (2) "[t]he firearm [which Petitioner had in a cast on his arm at the time of his arrest] was not shown, displayed, used or carried during and in relation to any drug trafficing [sic] crime." *Id.* at 6. Petitioner further alleges that "[he] was the only person in the case. [There were] [n]o separated bags of drugs, no buyers, no transactions, merely a user. The firearm did not facilitate, or have potential of facilitating a drug trafficing [sic] crime. The firearm was only coincedental [sic] at the time of the arrest." *Id.* Petitioner frames "[t]he issue [as,] did the government actually prove beyond a preponderance of evidence or a reasonable doubt standard, that in fact a drug trafficing crime was commenced or established, or was it a theory due to the fact that the government speculated because, [he] merely possessed a few possible manufacturing supplies[.]" *Id.*

II.

In his PF&R, the assigned Magistrate Judge found that Petitioner is asserting a claim which challenges the validity of his Section 924 (c)(1)(A) conviction and sentence–a claim that is properly brought in a direct appeal and in a Section 2255 motion. PF&R at 4. The Magistrate Judge further found that there are no reasons which appear on the record to consider a Section 2255 motion as inadequate or ineffective. *Id.* at 5. Therefore, the Magistrate Judge determined that Petitioner's Section 2241 Petition should be construed as a Section 2255 motion and he recommended dismissal

---

[5] Count Five of the Superseding Indictment provides:
> That on or about January 27, 2003, in Laurel County, in the Eastern District of Kentucky, Robert Keith Glen Ellis, during and in relation to the drug trafficking crime as set out in Counts 2 and 3 of this Indictment, for which he may be prosecuted in a court of the United States, did knowingly carry a firearm, that is, a North American Arms .22 caliber handgun, all in violation of 18 U.S.C. § 924(c)(1)(A).

Section 2241 Petition Ex.1.

of the motion because Petitioner did not seek or obtain authorization of the Sixth Circuit Court of Appeals to proceed with a successive Section 2255 motion. *Id*.

III.

Petitioner has timely filed objections to the PF& R. He contests the finding that 28 U.S.C. § 2241 is not the proper vehicle for the relief he seeks. In a general fashion Petitioner characterizes his allegation of relief as a plain error that can be brought to the court's attention pursuant to Federal Rule of Criminal Procedure 52(b) and Rule 60 (b)(6) of the Federal Rule of Civil Procedure.

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978). The Court declines to consider Petitioner's general objections, but will review his specific objection that his claim is proper in a Section 2241 petition below.

IV.

The statutory framework for post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief. A Section 2241 petition attacks the manner in which a sentence is executed. 28 U.S.C. § 2241(a). While a federal inmate seeking to collaterally attack the imposition or validity of his federal judgment and sentence is required to bring a motion to vacate the sentence pursuant to 28 U.S.C. § 2255(a).[6] *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined." *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008); 28 U.S.C. § 2255(a). While a federal prisoner may not seek collateral relief from a conviction or sentence by way of a Section 2241 petition generally, there is an exception under the oft-referenced "savings clause" in Section 2255. The provision provides that a prisoner may seek relief under Section 2241 if the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Fourth Circuit Court of Appeals has recognized that the savings clause applies in only very limited circumstances. Specifically, Section 2255 is inadequate and ineffective to test the legality of a conviction when:

---

[6] Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 (a).

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *Jones*, 226 F.3d at 333-34.); *Darden v. Stephens*, No.10-7496, 2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011). The petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective. *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001) (unpublished decision); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). If the petitioner cannot demonstrate use of a Section 2241 petition in this manner, the Section 2241 must be dismissed as an unauthorized second or successive Section 2255 motion.

In his objections, Petitioner argues that Section 2255 is inadequate or ineffective to challenge the validity of his sentence. Specifically, Petitioner asserts that Section 2255 is inadequate and ineffective because "[he] was denied his Section 2255 motion concerning the 924c [issue] challenging the sufficiency of the evidence because it was not brought up on direct appeal [by his counsel.]" Objections to Magistrate's Proposed Findings and Recommendations ("Objection") (Document No. 10) at 2. Petitioner asserts that the district court "answered" his argument that his counsel was ineffective in failing to assert a sufficiency of evidence argument in the following sentence: "The United States points out that the underlying issue regarding the sufficiency of the evidence of the firearm conviction had to be raised on direct appeal to be considered and is not a proper subject of a 2255 Motion.'" *Id*. at 1 (quoting *United States v. Ellis*, No.6:05CV495, 2006 WL 3412280, at *3 (E.D. Ky Nov. 27, 2006)).

7

Petitioner's assertion and reading of the sentencing court's decision on his Section 2255 motion is erroneous. The sentencing court did not foreclose its review of his Section 2255 argument with respect to count five merely because the government argued in opposition that Petitioner failed to raise the issue on direct appeal. As discussed above, the court gave consideration to the substance of Petitioner's argument, considered the evidence and the charged offenses and ultimately found that his counsel was not ineffective in failing to raise the sufficiency of evidence issue on direct appeal. Indeed, the court determined that there was sufficient evidence to support his conviction for violating 18 U.S.C. § 924(c)(1)(A). Any veiled desire for a review of the sentencing court's decision with respect to the sufficiency of the evidence to support his conviction does not lie in this Court. The "savings clause" of Section 2241 is not triggered "merely . . . because an individual is procedurally barred from filing a Section 2255 motion[,]" (*Vial*, 115 F.3d at 1194) or "because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Petitioner cannot seek review of the validity of his conviction for violating 18 U.S.C. § 924(c)(1)(A) in a Section 2241 petition simply because he was not successful in his Section 2255 motion.

Petitioner has not set forth any other argument that demonstrates that he is entitled to relief pursuant to Section 2241. On the basis of the record herein, the Court overrules Petitioner's objection because it is without merit. Petitioner has not demonstrated, nor can he, that Section 2255 is inadequate or ineffective such that he is entitled to resort to Section 2241 to challenge the validity of his conviction for carrying a firearm during, and in relation to, a drug trafficking crime.

While Petitioner may have styled his filing as a Section 2241 Petition and requested consideration of the execution of his sentence, a review of his Section 2241 Petition reveals that he

is challenging the validity of his conviction and sentence for violating 18 U.S.C. § 924(c)(1)(A). Since Petitioner's challenge of his conviction or sentence in count five is not properly considered under Section 2241, this Court finds that Petitioner's Section 2241 Petition should be construed as a motion made pursuant to 28 U.S.C. § 2255, subject to the gateway and procedural requirements thereof. There has been a "longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (citing *United States v. Emmanuel*, 288 F.3d 644, 647 (4th Cir. 2002)). As such, this Court lacks jurisdiction to consider Petitioner's recharacterized Section 2255 motion as claims challenging the validity of a conviction must be brought in the court which imposed the sentence. 28 U.S.C. § 2255(a). However, Petitioner's recharacterized Section 2255 Motion should be dismissed, as opposed to transferred to the sentencing court, inasmuch as it is a second or successive Section 2255 motion. Such motions may only be initiated with the certification of the appropriate Court of Appeals, which Petitioner has not obtained. A prisoner is not entitled to "file a second or successive . . . [Section] 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." (*In re Vial*, 115 F.3d 1192, 1194

 (4th Cir. 1997)).[7] Therefore, the Court finds that Petitioner's recharacterized Section 2255 motion must be dismissed.

---

[7] Section 2255(h) provides
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Finally, the Court has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

V.

Thus, upon consideration of the Petitioner's writ, the Magistrate Judge's proposed findings and recommendation, and the Petitioner's objection, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation* (Document No. 8)**.** The Court **ORDERS** that Petitioner's Application to Proceed In Forma Pauperis (Document No. 1) be **DENIED**, Petitioner's Section 2241 Petition (Document No. 2) be **DISMISSED WITH PREJUDICE** and **DIRECTS** the Clerk to **REMOVE** this matter from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 8, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA